UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Adrian Varela Rodriguez
(A-Number: A- 216-963-573),

Petitioner,

v.

Warden, California City Correctional
Center; Field Office Director, ICE Los
Angeles Field Office; Todd M. Lyons,
Acting Director, United States Immigration
and Customs Enforcement; Kristi Noem,
Secretary of Homeland Security; Merrick
Garland, United States Attorney General,

Respondents.

No.  1:26-cv-03555-KES-SAB (HC)

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS AND REQUIRING
BOND HEARING WITHIN FOURTEEN
DAYS

Doc. 1

Petitioner Adrian Varela Rodriguez is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 2.  The Court has previously addressed the legal issues raised by claim two of the petition.  *See, e.g.*, *Yon Kervis U. v. Chestnut*, No. 1:25-CV-2066-KES-SAB (HC), 2026 WL 88983 (E.D. Cal. Jan. 12, 2026); *Guzman v. Andrews*, No. 1:25-CV-01015-KES-SKO (HC), 2025 WL 2617256 (E.D. Cal. Sept. 9, 2025); *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No.

1

1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025).

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition. Doc. 5. Respondents argue that this case is factually distinguishable because petitioner was convicted of reckless driving. Doc. 6 at 2. Petitioner asserts that he was re-detained by immigration officials after he was sentenced to 16 months of probation. Doc. 1 at 5. Respondents do not argue that any prior arrest or conviction shifted the statutory authority to detain petitioner to 8 U.S.C. § 1226(c). While petitioner's arrests and/or conviction may be relevant to a neutral decisionmaker's determination at a bond hearing, they do not eliminate petitioner's due process right to such determination.

Following ICE's re-detention of petitioner, an immigration judge denied petitioner bond based on lack of jurisdiction. *See* Doc. 6. Respondents argue that the immigration judge noted under the denial that, "[e]ven if the court had jurisdiction, Respondent has a criminal record." Doc. 6 at 48. But the immigration judge's order does not find that petitioner was a flight risk or a danger to the community or otherwise address the significance of the fact of petitioner's conviction and probationary sentence.

When, as here, a noncitizen has previously been released following a determination that he is not a flight risk or danger to the community, and then he is subsequently re-detained, due process requires a bond hearing at which the government bears the burden of proving that the noncitizen is a flight risk or danger to the community by clear and convincing evidence.[1] *See, e.g.*, *Chateauneuf v. Chestnut*, No. 1:26-CV-01073-DC-JDP (HC), 2026 WL 523695, at *5 (E.D. Cal. Feb. 25, 2026) ("Where a noncitizen had previously been released from ICE detention, indicating ICE determined the noncitizen was neither a flight risk nor a safety risk to community, this court has found that the government bears the burden of justifying the noncitizen's re-detention without bond . . . ."); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1038 (N.D. Cal. 2025)

---

[1] In contrast, a bond hearing under 1226(a) places the burden on the noncitizen to show that he is not a flight risk or danger to the community at an initial custody determination. *See Matter of Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006); 8 C.F.R. § 1236.1(c)(8).

2

(same); *Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1093 (N.D. Cal. 2025) (same).

Courts have required that the burden be on the government because "the immigrant's initial release reflected a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Ortiz Donis v. Chestnut*, No. 1:25-CV-01228 JLT SAB, 2025 WL 2879514, at *15 (E.D. Cal. Oct. 9, 2025). "Since it is the government that initiated re-detention, it follows that the government should be required to bear the burden of providing a justification for the re-detention." *Id.* The Court will therefore order respondents to provide petitioner with a bond hearing where the government bears the burden of proving that petitioner is a flight risk or danger by clear and convincing evidence.

As respondents have not identified any other factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Yon Kervis U. v. Chestnut*, No. 1:25-CV-2066-KES-SAB (HC), 2026 WL 88983 (E.D. Cal. Jan. 12, 2026), *Guzman v. Andrews*, No. 1:25-CV-01015-KES-SKO (HC), 2025 WL 2617256 (E.D. Cal. Sept. 9, 2025), *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025), the petition for writ of habeas corpus is GRANTED as to claim two, for the reasons addressed in those prior orders.[2]

Respondents are ORDERED to provide petitioner Adrian Varela Rodriguez (A-Number: A- 216-963-573) with a bond hearing before a neutral decisionmaker within fourteen (14) days of the date of this Order. Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 48 hours' written notice before the bond hearing. At that bond hearing, it is respondents' burden to demonstrate that petitioner is a flight risk or danger to the community by clear and convincing evidence. If respondents do not provide petitioner with a

---

[2] The Court need not address petitioner's other claim as petitioner is entitled to the relief he seeks based on the Court's ruling on claim two.

bond hearing within fourteen days, then respondents must release him.

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated:    May 21, 2026

_____
UNITED STATES DISTRICT JUDGE